OPINION
{¶ 1} This is an appeal from a decision of the Court of Common Pleas in Stark County Domestic Relations Division, Case No. DR-97226 which terminated child support.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The parties in this case were divorced on December 30, 1995 with one child, Jonathan (DOB 11/2/84) born of their marriage.
 {¶ 3} The decree incorporated a separation agreement which provided as to child support:
 {¶ 4} "The Husband consents and agrees to pay to the Wife, as and for child support of said minor child, the sum of $150.00 per month payable in semi-monthly installments of $75.00 each on the 1st and 15th of each and every month through the Office of The Stark County Clerk of Courts, together with poundage of 2%, with the first payment to commence on the 1 [SIC] day of December, 1985. Child support payments shall continue for said child until such time as said child become emancipated, self sustaining or reaches the age of majority, whichever event shall occur first, and in the event said child shall still be a high school student upon attaining the age of eighteen years, support shall continue until such time as the said child shall leave high school."
 {¶ 5} On May 11, 1998, an agreed entry as to increases in child support was docketed which provided in part:
 {¶ 6} "Commencing January 1, 1999, child support shall be increased to $650.00 per month.
 {¶ 7} "Commencing January 1, 2000, child support shall be increased to $700.00 per month.
 {¶ 8} "Commencing January 1, 2001, child support shall be increased to $750.00 per month.
 {¶ 9} "Commencing January 1, 2002, child support shall be increased to $800.00 per month.
 {¶ 10} "Commencing January 1, 2003, child support shall be increased to $850.00 per month.
 {¶ 11} "Commencing January 1, 2004, child support shall be increased to $900.00 per month.
 {¶ 12} "All child support payments shall be paid through the Stark County Child Support Enforcement Agency, together with necessary poundage, by wage withholding. It shall continue until such time as the minor child reaches the age of eighteen, and is otherwise emancipated. However, in the event that the child is eighteen prior to graduation from high school, child support shall continue until the minor child graduates from high school."
 {¶ 13} Jonathan Primack became 19 years old on November 2, 2003.
 {¶ 14} A motion by Appellee was filed in December, 2003, to terminate child support due to age 19 having been reached.
 {¶ 15} Such child had been found guilty of a criminal offense and had not graduated from high school by such age but is attending high school while incarcerated.
 {¶ 16} The magistrate determined that such motion should be sustained. Objections were filed and the court accepted the magistrate's recommendation and terminated support. The court adopted the Findings of Fact and Conclusions of Law of the magistrate.
 {¶ 17} The Assignments of Error are:
 ASSIGNMENTS OF ERROR {¶ 18} "I. The trial court abused its discretion and erred as a matter of law when it overruled appellant's objection to the magistrate's decision and granted the appellee's motion to terminate child support.
 {¶ 19} "II. The trial court order is against the manifest weight of the evidence and contrary to law relative to a termination of child support based upon the facts of this case."
 I., II. {¶ 20} In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
 {¶ 21} We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. (1978), 54 Ohio St.2d 279.
 {¶ 22} As Appellant combined the arguments relative to each of the Assignments of Error, we shall also address each jointly.
 {¶ 23} The decision of the magistrate in terminating support, which the court adopted, references R.C. 3119.86 and finds that no child support worksheet (R.C. 3119.022) was filed as mandated by Marker v.Grimm (1992), 65 Ohio St.3d 139.
 {¶ 24} R.C. 3119.86 provides in part:
 {¶ 25} "(A) Notwithstanding section 3109.01 of the Revised Code, both of the following apply:
 {¶ 26} "(1) The duty of support to a child imposed pursuant to a court child support order shall continue beyond the child's eighteenth birthday only under the following circumstances:
 {¶ 27} "* * * *
 {¶ 28} "(b) The child's parents have agreed to continue support beyond the child's eighteenth birthday pursuant to a separation agreement that was incorporated into a decree of divorce or dissolution.
 {¶ 29} "(c) The child continuously attends a recognized and accredited high school on a full-time basis on and after the child's eighteenth birthday.
 {¶ 30} "(2) The duty of support to a child imposed pursuant to an administrative child support order shall continue beyond the child's eighteenth birthday only if the child continuously attends a recognized and accredited high school on a full-time basis on and after the child's eighteenth birthday.
 {¶ 31} "(B) A court child support order shall not remain in effect after the child reaches nineteen years of age unless the order provides that the duty of support continues under circumstances described in division (A)(1)(a) or (b) of this section for any period after the child reaches age nineteen. An administrative child support order shall not remain in effect after the child reaches age nineteen."
 {¶ 32} First, while Marker V. Grimm, supra, references a prior worksheet requirement statute (R.C. 3113.215) which has been repealed and replaced by R.C. 3119.22, the mandatory aspect is still correct except that it is inapplicable here as the motion filed by Appellee was to terminate, not establish the amount of child support. This amount had been previously determined by the separation agreement as amended by the agreed entry of May 11, 1998.
 {¶ 33} Also, the magistrate inaccurately determined:
 {¶ 34} "This court finds that the entry filed May 11, 1998, fails to specifically continue Joe's duty to support Jonathan past the age of nineteen (19)."
 {¶ 35} The agreed language, "* * * in the event said child shall still be a high school student upon attaining the age of eighteen years, support shall continue until such time as the said child shall leave high school," is quite clear that the support termination takes place when the child graduates from or otherwise leaves high school even if beyond the age of eighteen, as is the case here.
 {¶ 36} While we find no abuse of discretion, we do find that the manifest weight of the evidence did not permit the court to come to the conclusion reached.
 {¶ 37} This cause is therefore reversed at Appellee's costs and this cause is remanded to the trial court to re-instate child support.
By: Boggins, P.J., Farmer, J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the Stark County Court of Common Pleas is reversed and remanded. Costs assessed to appellee.